IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DIANNE KOLLIEN,** | : | No. 3:14cv1041 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **KMART CORPORATION,** | : | |
| Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court for disposition is the Defendant KMart Corporation's (hereinafter "defendant" or "KMart") motion for summary judgment in this case dealing with an injury Plaintiff Dianne Kollien (hereinafter "plaintiff") sustain at its store. The parties have briefed their respective positions and the matter is ripe for disposition.

**Background**

Plaintiff Dianne Kollien (hereinafter "plaintiff") alleges that she injured her hand at a Kmart store while cranking upon the umbrella on a patio table displayed at the store. The specific background facts are as follows: On April 14, 2013, Plaintiff Dianne Kollien visited the Kmart store located in Matamoras, Pennsylvania. (Doc. 22, Def.'s Statement of Material Facts

(hereinafter "SOF") ¶ 1).[1]  Plaintiff intended to buy a patio set on that day. (SOF ¶ 4).  Plaintiff thus went to patio set display area. (SOF ¶ 2).  At least ten patio displays were present in the area.  (SOF ¶ 3).   Evidently, each display consisted of several chairs and a table.  The tables included umbrellas which would open and close with the use of a hand crank.

Plaintiff alleges that she injured her hand by cranking up an umbrella on one of the displays.  (Doc. 1-2, Compl. (hereinafter "Compl." ¶ 6).  At her deposition, plaintiff described the injury as follows: "I reached up.  I was cranking the umbrella with my right hand.  It seemed like it stopped, but it felt stuck.  I looked up. It was not extended all the way, and, just as I looked up, the crank let go and just beat my hand.  It just spun around and around, hit my wrist, hit my thumb, hit my fingers." (Doc. 25, Pl.'s Dep. at 43-44).[2]   Further, plaintiff indicated that the hand crank, in which her hand had gotten stuck, "went crazy" and started spinning very fast.  (Id. at 46). Plaintiff's injuries included, a distal radius fracture of the right wrist, numbness and tingling of the right hand, bruising and contusions.  (Compl.

---

[1] For these brief background facts, we will cite to the defendant's SOF.  If the plaintiff disagrees with any particular fact that we cite, we will note that disagreement.

[2] Page numbers in citations to depositions refer to the page number on the deposition itself, not the court's electronic filing page number.

¶ 9).

Based upon these facts, plaintiff instituted the instant negligence action against K-Mart.  She asserts that the display patio table was in a dangerous condition that defendant knew, or should have known about; defendant allowed the display table to be in a dangerous condition; and defendant failed to warn of the dangerous or defective condition of the umbrella.  (Id. ¶ 8).  At the conclusion of discovery, Defendant K-Mart moved for summary judgment, brining the case to its present posture.

**Jurisdiction**

This case is before us based upon diversity of citizenship.  28 U.S.C. § 1332(a).  Cases are properly brought in federal district court under the diversity statute when the action involves citizens of different states and an amount in controversy, exclusive of interest and costs, in excess of $75,000.00.  See 28 U.S.C. § 1332(a).  Instantly, plaintiff is a citizen of Pennsylvania and the defendant is a citizen of Michigan and Illinois.  (Doc. 1, Not. of Removal at ¶ 6).  As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of review**

Granting summary judgment is proper "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (quoting FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248 (1986).  A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party

moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**Discussion**

Plaintiff alleges that defendant allowed her onto its premises as a business invitee and that defendant's carelessness and negligence directly lead to her injuries. Defendant seeks summary judgment on the plaintiff's negligence claim.

Under Pennsylvania law, "[a] *prima facie* negligence claim requires the plaintiff to show that: (1) the defendant had a duty to conform to a certain standard of conduct; (2) the defendant breached that duty; (3) such breach caused the harm in question; and (4) the plaintiff incurred actual loss or damage." Krentz v. Consol. Rail Corp., 910 A.2d 20, 27 (Pa. 2006).

Initially, the defendant concedes that it owed a legal duty to plaintiff

as a business invitee.  (Doc. 28, Def.'s Br. at 7 ("Kmart concedes the Plaintiff was a business invitee.")). Regarding the legal duty owed to a business invitee, Pennsylvania law provides: "The landowner's duty of protection toward business visitors is the highest duty owed to any entrant upon land. . . . [T]he possessor of land [is] under an affirmative duty to protect the business visitor not only against dangers of which he knows, but also against those which with reasonable care he might discover." Treadway v. Ebert Motor Co., 436 A.2d 994, 998 (Pa. Super. Ct. 1981) (internal citation omitted) (quoting Crotty v. Reading Indus., Inc., 345 A.2d 259, 262-64 (Pa. Super. Ct. 1975)).  Thus, to establish a breach of this legal duty plaintiff "must prove either that the proprietor had a hand in creating the harmful condition, or that he had actual or constructive notice of such condition."  Moultrey v. Great A & P Tea Co., 422 A.2d  593, 598 (Pa. Super. Ct.1980).

    Where a dangerous condition exists on property and a plaintiff is permitted to remain there, the property owner must either make the condition reasonably safe or provide the plaintiff with an adequate warning so that she can avoid the harm.  Crotty, 436 A.2d at 263; Treadway, 436 A.2d at 999.

Defendant argues that the undisputed evidence establishes that it did not breach any legal duty owed to plaintiff.  Its motion for summary judgment raises the following two issues: 1) plaintiff failed to prove defendant had notice of an alleged dangerous condition and 2) plaintiff failed to prove that defendant has failed to warn of a defective condition.  We will discuss these issues in turn.

**I.  Notice**

Defendant first moves for summary judgment on the basis that the plaintiff has not proven that defendant had notice of the alleged dangerous condition.  As noted above, to breach its legal duty owed to plaintiff, defendant must have had at least notice of the dangerous condition.  According to the defendant, the plaintiff has not established that Kmart knew or by the exercise of reasonable care, should have known that one of the umbrellas contained within the patio display would malfunction and likely cause harm to a patron.  Defendant asserts that it periodically and randomly inspected the patio display sets - including the umbrellas.  The inspections never revealed a dangerous condition and, in fact, the umbrella at issue appeared to be working without complication after the incident.

Plaintiff disagrees and argues that whether the defendant performed

7

proper inspections of the umbrellas is a question of fact. Therefore, summary judgment is inappropriate. After a careful review, we agree with the plaintiff that a jury question exists.

Defendant's corporate designee, William Reno, testified at his deposition that his job duties include inspection of display merchandise to determine if they are correctly set up. (Doc. 26, Reno Dep. at 34-36). He randomly tested several of the umbrellas to ensure that they were in proper working order. (Id. at 36). He did not test all the umbrellas, and he did not test the one at issue in the instant case. (Id.)

Accordingly, the defendant had umbrellas on display, which were never tested to determine if they functioned appropriately. One of the untested umbrellas allegedly malfunctioned and injured the plaintiff. It will be a question for the fact finder as to whether the defendant breached its duty of care and properly inspected the patio displays. Summary judgment is thus inappropriate on this issue.

## II. Failure To Warn

As noted above, a possessor of property has a duty of care to provide adequate warning of a dangerous condition on the property. Crotty, 436 A.2d at 263. The second and final basis on which defendant

moves for summary judgment involves warnings.  Defendant argues that plaintiff failed to prove that defendant did not warn of a defective condition. Defendant states that it placed signs around the patio display floor. The signs directed all customers to seek the assistance of an associate prior to engaging the subject umbrella.

Here, however, a question of fact exists as to whether the signs were present.   Plaintiff testified as follows: "There should have been signs. There's no signs. . . . should have been having a sign saying Ask For Associate's Help, which was not there."  (Doc. 25, Pl.'s Dep. at 57).

Additionally, the signs, which KMart asserts were there allegedly stated: "Please ask for assistance with this merchandise.  An associate will be happy to help you."  (Doc. 26 at 19, Ex. to Reno Dep.). It will be up to the factfinder to determine whether such a warning, if present, is sufficient to warn customers not to test the umbrella on a patio set.  Accordingly, summary judgment with regard to failure to warn is not appropriate.

**Conclusion**

The defendants motion for summary judgment will be denied. Genuine issues of material fact exist as to whether defendant's inspection of the patio displays was reasonable and whether sufficient warning signs

were present.   An appropriate order follows.


**Date: August 17, 2016**				**s/ James M. Munley**
						**JUDGE JAMES M. MUNLEY**
						**United States District Court**