IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANNE KOLLIEN, | : | No. 3:14cv1041 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| KMART CORPORATION, | : | |
| Defendant | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

# **MEMORANDUM**

Before the court for disposition are Defendant Kmart Corporation's motions in limine in this personal injury matter. The motions have been briefed and the matter is ripe for disposition.

## Background

Plaintiff Dianne Kollien (hereinafter "plaintiff") alleges that she injured her hand at a Kmart store while cranking upon the umbrella on a patio table displayed at the store. The specific background facts as set forth in our summary judgment opinion are as follows: On April 14, 2013, Plaintiff Dianne Kollien visited the Kmart store located in Matamoras, Pennsylvania with the intention of buying a patio set. Plaintiff thus proceeded to the patio set display area. Defendant Kmart had at least ten patio displays in the area. Evidently, each display consisted of several chairs and a table. The tables included umbrellas which would open and close with the use of a

hand crank.

Plaintiff alleges that she injured her hand by cranking up an umbrella on one of the displays. (Doc. 1-2, Compl. (hereinafter "Compl." ¶ 6). At her deposition, plaintiff described the injury as follows: "I reached up. I was cranking the umbrella with my right hand. It seemed like it stopped, but it felt stuck. I looked up. It was not extended all the way, and, just as I looked up, the crank let go and just beat my hand. It just spun around and around, hit my wrist, hit my thumb, hit my fingers." (Doc. 25, Pl.'s Dep. at 43-44).[1] Further, plaintiff indicated that the hand crank, in which her hand had gotten stuck, "went crazy" and started spinning very fast. (Id. at 46). Plaintiff's injuries included a distal radius fracture of the right wrist, numbness and tingling of the right hand, bruising and contusions. (Compl. ¶ 9).

Based upon these facts, plaintiff instituted the instant negligence action against Kmart. She asserts that the display patio table was in a dangerous condition that defendant knew, or should have known about; defendant allowed the display table to be in a dangerous condition; and defendant failed to warn of the dangerous or defective condition of the

---

[1]Page numbers in citations to depositions refer to the page number on the deposition itself, not the court's electronic filing page number.

umbrella.  (Id. ¶ 8).  Defendant denies liability for, and causation of, plaintiff's injuries.  At the conclusion of discovery, Defendant Kmart moved for summary judgment, which we denied on August 17, 2016.  (Doc. 32).  We then scheduled a pretrial conference.  In advance of the pretrial conference, Kmart filed two motions in limine bringing the case to its present posture.

**Jurisdiction**

This case is before us based upon diversity of citizenship.  28 U.S.C. § 1332(a).  Cases are properly brought in federal district court under the diversity statute when the action involves citizens of different states and an amount in controversy, exclusive of interest and costs, in excess of $75,000.00.  See 28 U.S.C. § 1332(a).  Instantly, plaintiff is a citizen of Pennsylvania and the defendant is a citizen of Michigan and Illinois.  (Doc. 1, Not. of Removal at ¶ 6).  As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Discussion**

Defendant filed two motions in limine regarding trial evidentiary

3

issues.  First, defendant seeks to preclude evidence of plaintiff's future medical expenses because they are too speculative and such expenses would likely be paid by her health insurance.  Second, defendant seeks to preclude the testimony of any lay witness which repeats, summarizes or in any other manner characterizes any statement made by plaintiff's physicians concerning medical diagnosis, causation, and/or prognoses as expert testimony is needed on such topics and repeating statements from plaintiff's doctors would be hearsay.  We address these issues separately.

**A.  Future medical expenses**

Defendant anticipates that at trial, plaintiff will seek to present evidence of, and recover damages for, future medical expenses. Defendant seeks to preclude evidence of future medical expenses for the following two reasons: 1) because the measure of such damages is too speculative and 2) "there is no evidence of record to suggest that such [medical expenses] would not be paid for by [plaintiff's] health insurance carrier(s)."  (Doc. 34, Def.'s Motion in Limine ¶ 11).  We find no merit to either argument.

We disagree with the defendant that such evidence is too speculative.  Plaintiff has expert witness(es) who will presumably provide

evidence to support the award of future medical expenses. It will be the jury's task to hear the testimony and decide if they find it sufficient to award such damages or whether that evidence is unduly speculative or unworthy of belief for some other reason.

Additionally, defendant argues that any future medical treatment will presumably be covered by her insurance carrier. Specifically, defendant states: "Plaintiff has not furnished any basis to conclude that any alleged future medical expenses will not be 'payable' under her health insurance or were . . . previously compensated." (Doc. 34, ¶ 12). We find that this argument is an inadequate reason to preclude the evidence.

Future medical payments are not currently due and outstanding. The defendant cannot guarantee that any future expenses will in fact be paid by insurance. Defendant merely speculates that such is the case. Speculation, however, can also be made that such expenses will not be paid. For instance, plaintiff's insurer could become bankrupt, or deny future medical bills for a variety of reasons. We thus agree with the plaintiff. Because the insurance benefits are not necessarily due and owing at this time and nothing could compel the insurer to pay a lump sum for future expenses, plaintiff's future medical expenses are recoverable.

5

Fairness and public policy dictate that the burden of any risk or speculation should fall on the defendant, not plaintiff.

### B. Lay witness testimony

Secondly, defendant seeks to preclude the testimony of any lay witness which repeats, summarizes or in any other manner characterizes any statement made by plaintiff's physicians concerning medical diagnosis, causation, and/or prognoses as expert testimony is needed on such topics and repeating statements from plaintiff's doctors would be hearsay. Plaintiff appears to agree generally that it would be improper for lay witnesses to so testify. Plaintiff herself, however, seeks to testify as to her injuries to the extent that the testimony is confined to facts within her knowledge. We agree that such evidence is appropriate and not objectionable. See FED. R. EVID. 602 (explaining that a lay witness must have personal knowledge of the matter to testify about it). Accordingly, the motion will be granted as unopposed except insofar as it applies to the plaintiff herself and to facts of her injury which are within her knowledge.

**Conclusion**

For the reasons set forth above, we will deny defendant's motion in limine with regard to future medical expenses. We will grant, as

unopposed, the defendant's motion in limine with regard to lay testimony regarding lay witnesses testifying regarding plaintiff's medical diagnosis, causation, and/or prognoses.  Plaintiff herself, however, will be allowed to testify as to the facts of her injury to the extent that such facts are within her knowledge.

**Date: Oct. 21, 2016**                               **s/ James M. Munley**

                                                     **JUDGE JAMES M. MUNLEY**
                                                     **United States District Court**